People v Rivera (2020 NY Slip Op 50702(U))



[*1]


People v Rivera (Danny)


2020 NY Slip Op 50702(U) [67 Misc 3d 140(A)]


Decided on June 18, 2020


Appellate Term, First Department


Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.


This opinion is uncorrected and will not be
published in the printed Official Reports.



Decided on June 18, 2020
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Shulman, P.J., Cooper, Torres, JJ.



570100/19

The People of the State of New York,
Respondent, 
againstDanny Rivera, Defendant-Appellant.




Defendant appeals from a judgment of the Criminal Court of the City of New York, Bronx
County (Bahaati E. Pitt, J.) rendered September 17, 2018, convicting him, upon a plea of guilty,
of aggravated unlicensed operation of a motor vehicle in the third degree and driving while
impaired by alcohol, and imposing sentence.




Per Curiam.
Judgment of conviction (Bahaati E. Pitt, J.) rendered September 17, 2018, affirmed.
Our review of the record indicates that defendant's guilty plea to the charges of aggravated
unlicensed operation of a motor vehicle in the third degree (see Vehicle and Traffic Law
§ 511[1][a]) and driving while impaired by alcohol (see Vehicle and Traffic Law
§ 1192[1]), in exchange for a promised sentence of a conditional discharge, was entered
knowingly, voluntarily, and intelligently with the aid of counsel, and after the court sufficiently
advised defendant of the constitutional rights he would be giving up by pleading guilty (see People v Conceicao, 26 NY3d
375 [2015]; People v Sougou,
26 NY3d 1052 [2015]). Defendant also executed a form acknowledging receipt of a written
copy of the terms of the conditional discharge and its expiration date (see CPL 410.10[1];
People v Valentin, 66 Misc 3d
136[A], 2020 NY Slip Op 50044[U][App Term, 1st Dept 2020]) and his contention that the
plea was invalid because he was not informed of the length of the conditional discharge is
unavailing (see People v Kidd, 105
AD3d 1267 [2013], lv denied 21 NY3d 1005 [2013]; People v Kripanidhi,
59 Misc 3d 148[A], 2018 NY Slip Op 50789[U] [App Term, 1st Dept 2018]), lv denied
32 NY3d 938 [2018]).
In any event, the only relief defendant requests is dismissal of the accusatory instrument,
rather than vacatur of the plea, and he expressly requests that this Court affirm his conviction if it
does not grant dismissal. Since it cannot be said that no penological purpose would be served by
reinstating the charges (see e.g., People
v Murray, 46 Misc 3d 136[A], 2014 NY Slip Op 51891[U] [App Term, 1st Dept 2014];
see also People v Conceicao, 26 NY3d at 385 n 1), dismissal is not warranted and we
therefore affirm.
All concur.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
Clerk of the Court
Decision Date: June 18, 2020









